# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAFAYETTE-OPELOUSAS DIVISION

| RENEE COLOMB | * | CIVIL ACTION NO. 06-0891 |
|---|---|---|
| VERSUS | * | MAGISTRATE JUDGE HILL |
| LAFAYETTE CITY-PARISH CONSOLIDATED GOVERNMENT, ET AL | * | BY CONSENT OF THE PARTIES |

## MEMORANDUM RULING ON MOTION FOR SUMMARY JUDGMENT

Pending before the Court is the Motion for Summary Judgment filed by defendants, Michael W. Neustrom, individually and as Sheriff for the Parish of Lafayette ("Neustrom"), and Lafayette Parish Deputy Sheriff Travis Guillot, on December 17, 2007. [rec. doc. 39]. Plaintiff, Renee Colomb, as natural tutrix of the minor child, Jasmine Andrus ("Colomb"), has filed opposition [rec. doc. 52], and a supplemental memorandum in opposition. [rec. doc. 73]. Neustrom filed a supplemental memorandum in support of the motion for summary judgment [rec. doc. 68], and a reply memorandum [rec. doc. 71]. For the following reasons, the motion is **GRANTED IN PART AND DENIED IN PART**.

*Background*

On May 31, 2005, Lafayette City-Parish Consolidated Government ("LCPCG") police officers Forest Blanton, Marty Deroussel, and Robin Starring were dispatched to an apartment complex at 1025 9th Street in Lafayette, Louisiana to investigate a report related to illegal narcotics. The investigation resulted in the arrest of Cedric Andrus ("Andrus") by Lafayette City Police Officer Deroussel ("Deroussel") for remaining after forbidden and resisting an officer.

Upon entering into the Lafayette Parish Correctional Center ("LPCC") with Andrus for booking, Officer Deroussel allegedly advised the intake deputy, Travis Guillot ("Guillot"), that he thought that Andrus might have swallowed some contraband, and that Andrus could be secreting contraband between his buttocks. Andrus was then searched, which revealed the presence of what appeared to be narcotics in Andrus' gluteal crease. Officer Deroussel then completed the arrest warrant, which was notarized by a Sheriff's deputy, and was amended to add one count of bringing narcotics into a correctional facility.

Andrus was then placed into a holding cell until he could be booked. After Guillot inspected Andrus' clothes for contraband, he re-entered the holding cell to return Andrus' clothes. At that time, Andrus started cursing, and positioned his body in "an aggressive posture" towards Guillot. After two orders advising Andrus to back

up, and Andrus' non-compliance, Guillot sprayed Andrus with two bursts of pepper spray as he, Guillot, was backing away and retreating from the holding cell.

Approximately two hours later, Andrus was discovered on the floor of the cell, unconscious. He was transported to Our Lady of Lourdes Hospital, where he died on June 5, 2005. The substance found in his body and on his person was determined to be crack cocaine.

On May 30, 2006, plaintiff, Renee Colomb, the natural tutrix of Andrus' minor child, Jasmine Andrus ("Colomb"), brought this civil rights action under 42 U.S.C. § 1983 against the Lafayette City-Parish Consolidated Government, Randy Hundley, individually and in his official capacity as former Chief of Police of the City of Lafayette; Deroussel, individually and in his official capacity as a police officer of the Police Department of the City of Lafayette; Neustrom, individually and in his official capacity as Sheriff of Lafayette Parish, and Guillot, individually and in his official capacity as a deputy sheriff of the Lafayette Parish Sheriff's Office,[1] alleging violations of the Fourth, Eighth, and Fourteenth Amendments of the United States Constitution, and negligence under Louisiana law.[2]

---

[1] A separate motion for summary judgment was filed by the City of Lafayette, Randy Hundley, and Deroussel, which is addressed in a separate ruling.

[2] All parties consented to the Court's jurisdiction being exercised by the undersigned.

Plaintiff alleges that Andrus was beaten and received numerous injuries at LPCC, and that such force was excessive, unnecessary and cruel, in violation of his constitutional and/or civil rights. Additionally, she asserts that defendants' failure to provide Andrus with medical treatment was deliberately indifferent to his medical needs in violation of his constitutional and/or civil rights under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution.

Plaintiff further alleges deliberate indifference in the policies and customs of the Sheriff's Office concerning medical care for its detainees. Plaintiff also seeks punitive damages and attorney's fees under 42 U.S.C. §§ 1983 and 1988, respectively.

In the instant motion, Neustrom and Guillot seek summary judgment on the grounds that: (1) claimant's constitutional claims of deliberate indifference to Andrus' medical needs is not supported by the facts of the case; (2) claimant's medical indifference claims under Louisiana law is unsupported; (3) plaintiff's official capacity claim against Sheriff Neustrom is unsupported; (4) plaintiff's excessive force claim is without merit because the only force applied to Andrus was reasonable; (5) Newstrom is entitled to qualified immunity, and (5) plaintiff is not entitled to punitive damages or attorney's fees.

## **Summary Judgment Standard**

Fed.R.Civ.Proc. Rule 56(c) provides that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."

Fed.R.Civ.Proc. Rule 56(e) provides, in pertinent part, as follows:

> When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must–by affidavits or as otherwise provided in this rule–set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

This Motion is properly made and supported. Thus, plaintiff may not rest on her allegations or denials in her pleadings, but rather must go beyond the pleadings and designate specific facts demonstrating that there is a genuine issue for trial. *Celotex v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553-54 (1986). However, metaphysical doubt as to the material facts, conclusory allegations, unsubstantiated assertions, and those supported by only a scintilla of evidence are insufficient. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Moreover, summary judgment is mandated against a party who fails to make a showing sufficient to establish an essential element of that party's case, and on which that party will bear

the burden of proof at trial. *Celotex*, 106 S.Ct. at 2552.

## Analysis of Claims

*Inadequate Medical Care*

Defendants' first argument is that plaintiff failed to support her claim that defendants failed to provide prompt and adequate medical treatment to Andrus.

Because plaintiff was a detainee at the time of the complained of actions and inactions, the applicable standard for this claim depends upon whether the claim is directed to a general "condition of confinement" or to an "episodic act or omission." *Scott v. Moore,* 114 F.3d 51, 53 (5th Cir. 1997) (*quoting Hare v. City of Corinth,* 74 F.3d 633, 644 (5th Cir. 1996)). In *Nerren v. Livingston Police Dept.,* 86 F.3d 469 (5th Cir. 1996), the Fifth Circuit classified a case involving alleged inadequate medical care to an arrestee as an episodic case. Thus, the instant claim is properly analyzed as an episodic act case.

In *Nerren*, the court applied a deliberate indifference standard stating, "a state official's episodic act or omission violates a pretrial detainee's due process right to medical care if the official acts with subjective deliberate indifference to the detainee's rights." *Id*. at 473. The court then defined subjective deliberate indifference as "subjective knowledge of a substantial risk of serious medical harm, followed by a response of deliberate indifference." *Id.* This is the same standard

applicable to convicted prisoners under the Eighth Amendment, that is, the medical care withheld must be "sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976); *see also Sibley v. LeMaire,* 184 F.3d 481, 489 (5th Cir. 1999) (noting that episodic act cases are analyzed under the same standard applicable to convicted prisoners under the Eighth Amendment).

The plaintiff must allege, and be able to prove, that each named defendant has been deliberately indifferent to his serious medical needs or the claim is subject to dismissal as frivolous. *Graves v. Hampton*, 1 F.3d 315, 319-20 (5th Cir. 1993), *abrogated on other grounds by Arvie v. Broussard*, 42 F.3d 249 (5th Cir. 1994); *Wagner v. Bay City*, 227 F.3d 316, 324 (5th Cir. 2000). Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind; thus, the test is "subjective recklessness" as used in the criminal law. *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997); *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir.1997).

Deliberate indifference cannot be proven through cumulative group acts, but, rather, "each defendant's subjective deliberate indifference, *vel non*, must be examined separately." *Stewart v. Murphy*, 174 F.3d 530, 537 (5th Cir. 1999). It is not enough to demonstrate that the defendant was negligent, rather it must be shown

that the actions were so reckless as to amount to deliberate indifference. *Sibley*, 184 F.3d at 489.

Under Louisiana law, it is the duty of the officer to see that reasonable medical service is provided to a prisoner if, and when, his physical condition discloses the need of such services. *Brown v. Lee*, 94-104 (La. App. 5th Cir. 7/13/94); 639 So. 2d 897, 899 (*citing Abraham v. Maes*, 430 So. 2d 1099, 1102 (La. App. 4th Cir. 1983).

In this case, a genuine issue of material fact exists as to whether defendants were deliberately indifferent to Andrus' medical needs. At this juncture, the facts are disputed as to whether Deputy Guillot knew or should have known that Andrus had ingested crack cocaine. Accordingly, summary judgment on this issue is **DENIED**.

*Official Capacity Claim*

Defendants' next argument is that plaintiff failed to show that Neustrom is liable in his official capacity as Sheriff.

Well settled Section 1983 jurisprudence establishes that supervisory officials cannot be held vicariously liable for their subordinates' actions. *Mouille v. City of Live Oak, Tex*. 977 F.2d 924, 929 (5th Cir.1992) (*citing Monell v. Department of Social Services*, 436 U.S. 658, 691-95, 98 S.Ct. 2018, 2036-38, 56 L.Ed.2d 611 (1978). Supervisory officials may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivation; or (ii) implement

unconstitutional policies that causally result in plaintiff's injury. *Id*. (*citing Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir.1987).

However, plaintiff fails to show any direct personal involvement by Newstrom in Andrus' medical care, or the lack thereof. Further, plaintiff fails to demonstrate any use-of-force policy or medical policy which is so deficient that the policies themselves act as a deprivation of constitutional rights. Thus, plaintiff does not have a valid claim for violation of any constitutional rights based upon these allegations.

Accordingly, summary judgment on this issue is **GRANTED**, and all claims against Newstrom in his official capacity under § 1983 are **DISMISSED WITH PREJUDICE**.

*Excessive Force*

The next argument is that plaintiff's excessive force claim against Guillot is without merit because Guillot used only reasonable force against Andrus.

All claims that law enforcement officers have used excessive force in the course of an arrest, investigatory stop, or other seizure of a free citizen are to be analyzed under the Fourth Amendment and its "reasonableness" standard. *Graham v. Conner*, 490 U.S. 386, 395, 109 S.Ct. 1865, 1871, 104 L.Ed.2d 443 (1989). The "reasonableness" of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. *Id*.

at 396-97. As in other Fourth Amendment contexts, the "reasonableness" inquiry in an excessive force case is an objective one: the question is whether the officers' actions are "objectively reasonable" in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation. *Id*. (*citing Scott v. United States*, 436 U.S. 128, 137-139, 98 S.Ct. 1717, 1723-1724, 56 L.Ed.2d 168 (1978).

In the Fifth Circuit, in order to state a claim for excessive force in violation of the constitution, a plaintiff must allege "(1) an . . . injury, which (2) resulted directly and only from the use of force that was clearly excessive to the need; and the excessiveness of which was (3) objectively unreasonable." *Spann v. Rainey*, 987 F.2d 1110, 1115 (5th Cir. 1993) (*quoting Johnson v. Morel*, 876 F.2d 477, 480 (5th Cir. 1989) (en banc)).

A use of excessive force claim under the Eighth Amendment requires a showing of both subjective and objective components; that the officials acted with a "sufficiently culpable state of mind" and that the alleged wrongdoing was "objectively harmful enough" to establish a constitutional violation. *Hudson v. McMillian*, 503 U.S. 1, 7, 112 S.Ct. 995, 999 (1992). Moreover, in order to prevail on an Eighth Amendment excessive force claim, a plaintiff must establish that the force was not applied in a good faith effort to maintain or restore discipline, but, rather, maliciously

and sadistically to cause harm. *Baldwin v. Stalder*, 137 F.3d 836, 839 (5th Cir. 1998); *Eason v. Holt*, 73 F.3d 600, 602 (5th Cir. 1996).

However, a Constitutional "violation does not occur with 'every malevolent touch by a prison guard'." *Baldwin*, 137 F.3d at 839 (*quoting Hudson*, 503 U.S. at 9, 112 S.Ct. at 1000). To the contrary, the prohibition against cruel and unusual punishment "excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind'." *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997) (*quoting Hudson*, 503 U.S. at 7, 112 S.Ct. at 999)). Thus, the Fifth Circuit has held that a plaintiff asserting an excessive force claim is required to show that he sustained a physical injury which is more than *de minimis*. *Gomez v. Chandler*, 163 F.3d 921, 924 (5th Cir. 1999); *Jackson v. Culbertson,* 984 F.2d 699, 700 (5th Cir. 1993); *Siglar*, 112 F.3d at 193.

In determining whether the constitutional line has been crossed, the court should look to the following factors: the extent of the injury suffered, the need for the application of force, the relationship between the need and the amount of force used, the threat reasonably perceived by the responsible officials, any efforts made to temper the severity of the forceful response, and whether force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the

very purpose of causing harm. *Bender v. Brumley*, 1 F.3d 271, 278 (5th Cir. 1993) (*quoting Hudson v. McMillian*, 962 F.2d 522, 523 (5th Cir. 1992)); *LeBlanc v. Foti*, 487 F. Supp. 272, 275 (E.D. La. 1980) (*citing Johnson v. Glick*, 481 F.2d 1028 (2d Cir. 1973), *cert. denied,* 414 U.S. 1033, 94 S.Ct. 462 (1973)).

In this case, Guillot sprayed Andrus with two blasts of pepper spray. Plaintiff has not established that Andrus suffered more than a *de minimis* injury as a result of Guillot's actions. *See Baldwin*, 137 F.3d 836 (prison officials' actions in using pepper mace to quell inmates' disturbance on bus and not allowing them to leave to wash off the mace did not amount to use of excessive force in violation of the Eighth Amendment). Accordingly, it does not appear that Andrus suffered an unconstitutional or excessive use of force.

Thus, summary judgment on this issue is **GRANTED,** the claim against Guillot for use of excessive force is **DISMISSED WITH PREJUDICE**.

*Qualified Immunity*

Next, defendants argue that to the extent that Sheriff Neustrom and Deputy Guillot were sued in their individual capacities, they are entitled to qualified immunity from civil damages.

Government officials are entitled to qualified immunity from civil damages if their conduct does not "violate clearly established statutory or constitutional rights

of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). In other words, qualified immunity is available when a reasonable official would not have known that his actions would violate a constitutional right that was clearly established at the time of the incident. *Id.* at 2738. Qualified immunity is not merely a defense to liability but an immunity from suit. *Swint v. Chambers County Comm'n*, 514 U.S. 35, 42, 115 S.Ct. 1203, 1208, 131 L.Ed.2d 60 (1995).

Claims of qualified immunity require a two-step analysis. First, the court must determine whether the plaintiff has alleged that "the officer's conduct violated a constitutional right." *Mace v. City of Palestine,* 333 F.3d 621, 623 (5th Cir. 2003). If there is no constitutional violation, the court's inquiry ends. *Id.* However, if "the allegations could make out a constitutional violation", the court must then ask "whether the right was clearly established – that is, whether 'it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted.'" *Id.* (*quoting Price v. Roark*, 256 F.3d 364, 369 (5th Cir. 2001)).

For summary judgment purposes, the defendant official must initially plead his good faith and establish that he was acting within the scope of his discretionary authority. *Bazan ex rel. Bazan v. Hidalgo County*, 246 F.3d 481, 489 (5th Cir. 2001). Once the defendant has done so, the burden shifts to the plaintiff to rebut this defense

by establishing that the official's allegedly wrongful conduct violated clearly established law. *Id*.

Here, defendants have pled the defense of qualified immunity. However, plaintiff has failed to meet the burden of showing that Newstrom's or Guillot's allegedly wrongful conduct violated clearly established law. Accordingly, the motion for summary judgment on this issue is **GRANTED**, and the Section 1983 claims against Neustrom and Guillot in their individual capacities are **DISMISSED WITH PREJUDICE**.

*Punitive Damages and Attorney's Fees*

These claims are **DENIED** as premature.

**CONCLUSION**

Based on the foregoing reasons, the motion for summary judgment is **GRANTED IN PART AND DENIED IN PART**. The Motion for Summary Judgment is **GRANTED** on the individual capacity claims against Neustrom and Guillot based on qualified immunity under § 1983, on the excessive force claim against Guillot under § 1983, and the official capacity claim against Neustrom

under § 1983, and those claims are **DISMISSED WITH PREJUDICE**.

September 12, 2008, Lafayette, Louisiana.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE